# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| 23LUNES CREATIVE | ) | |
| ANIMATION STUDIOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 25-00837-CV-W-BP |
| | ) | |
| 1248 HOLDINGS, LLC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

Plaintiff filed this suit in state Court, asserting state law claims arising from a commercial transaction. The case was removed to federal court by one of the Defendants, Orvil Bicknell; at the time, the other Defendants were not required to consent to removal because they had not been served. Since then, those Defendants have been served, and none has objected to the case's removal.[1] Now pending is a Motion filed by Defendants 1248 Holdings, LLC and 1248 Management, LLC (the "1248 Defendants"), seeking leave to file the disclosures required by Rule 7.1 of the Federal Rules of Civil Procedure under seal. The Motion, (Doc. 11), is **DENIED**.

Rule 7.1(a)(2) requires that, when jurisdiction is based on diversity of citizenship, every party must file a disclosure statement, and in that disclosure statement they "must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party . . . ." This disclosure is necessary to permit the Court and the parties to evaluate whether jurisdiction is proper, Fed. R. Civ. P. 7.1(a)(2), Advisory Committee's Notes to 2022 Amendment, so it is a document that is relied on to make decisions in the case.

---

[1] The Court further observes that the same attorneys represent all the Defendants who have been served to date.

The 1248 Defendants are LLCs, so their disclosure statement must name and identify the citizenship of each of their members. *E.g.*, *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) ("An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members.") They wish to file their disclosure statements under seal because they would reveal "sensitive commercial information regarding their trust structures and related details, which Defendants have consistently maintained as non-public and otherwise confidential." (Doc. 11, ¶ 3.) They also explain that disclosure would compromise the 1248 Defendants' efforts to keep the information secret. (Doc. 11, ¶ 4.) The 1248 Defendants do not identify any reason to seal the disclosure other than their interest in privacy, but a party's interest in privacy is not a sufficient reason to permit a party to proceed anonymously. *See Cajune v. Independent Sch. Dist.* 194, 105 F.4th 1070, 1076-77 (8th Cir. 2024). The Court acknowledges the 1248 Defendants are the parties and their members are not, but the principle is the same: a party generally cannot hide its identity when involved in a federal lawsuit, and the 1248 Defendants' identity (and certainly their citizenship) is based on the identity of their members.[2]

The 1248 Defendants also suggest the information is of minimal value because it is only used "to enable the Court to determine whether diversity jurisdiction exists." (Doc. 11, ¶ 4.) But the fact that the Court relies on the information to make decisions means it is important information, and the Court does not ordinarily seal information it relies on to make decisions. And here, the information is particularly important: in contrast to the Motion's representations that the disclosure statement will identify certain trusts, the Notice of Removal represents that the 1248 Defendants' members are all Nevada corporations with their principal place of business in Nevada. (Doc. 1, ¶ 5(b), (c).)

---

[2] While not dispositive, the Court reiterates that the 1248 Defendants have agreed to be in this forum.

2

For these reasons, the Motion for Leave to File Disclosure Statement Under Seal, (Doc. 11), is **DENIED**.

**IT IS SO ORDERED.**

/s/ Beth Phillips
_____
BETH PHILLIPS, CHIEF JUDGE
**DATE**: <u>November 14, 2025</u>        UNITED STATES DISTRICT COURT