# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| 23LUNES CREATIVE ANIMATION STUDIOS, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 25-00837-CV-W-BP ) |
| 1248 HOLDINGS, LLC., et al., | ) ) ) |
| Defendants. | ) |

### ORDER (1) GRANTING MOTION TO REMAND
### FOR VIOLATION OF 28 U.S.C. § 1441(b)(2),
### (2) STAYING REMAND, AND (3) CERTIFYING ISSUE FOR APPEAL

Plaintiff filed this suit in the Circuit Court for Jackson County, Missouri. One of the Defendants, Martin Bicknell ("Martin"),[1] removed the case to federal court, asserting jurisdiction exists pursuant to 28 U.S.C. § 1332(a). Plaintiff filed a Motion to Remand, arguing the case should be remanded for two independent reasons: (1) Martin had not been served when he removed the case and (2) two Defendants—Richard Silanskas and Larry Wilhite—are citizens of Missouri. After considering the parties' arguments (both those in writing and those presented at a hearing held on February 2, 2026), the Court concludes the Motion, (Doc. 27), should be **GRANTED**. However, the Court will stay this Order and certify the issues for appeal.

## I. BACKGROUND

Plaintiff, a citizen of Spain, filed this suit against (1) 1248 Holdings, LLC, (2) 1248 Management, LLC, (3) Martin Bicknell, (4) O. Gene Bicknell, (5) Richard Silanskas, and (6) Larry Wilhite. None of Plaintiff's claims arise under federal law, but all the Defendants are citizens of

---

[1] Bicknell is also the surname of another Defendant; the Court uses the parties' first names to avoid confusion, and no disrespect is intended.

a state in the United States and more than $75,000 is in controversy; therefore, Plaintiff could have filed the case in federal court. *See* 28 U.S.C. § 1332(a)(2). Instead, Plaintiff opted to file the case in state court; the time stamp on the Petition demonstrates it was filed at 2:17 p.m. on October 21, 2025. (*See* Doc. 1-1.)

Martin removed the case to federal court. The ECF receipt demonstrates he filed the Notice of Removal at 7:42 p.m. on October 21, 2025—approximately five and a half hours after the case was filed in state court, and before he (or any other Defendant) was served. However, Wilhite and Silanskas are citizens of Missouri. (*See* Doc. 1, ¶¶ 5(f) and 5(g).) Plaintiff argues the case should be remanded because (1) Martin was not served before he removed the case and (2) the "forum defendant rule" set forth in 28 U.S.C. § 1442(b)(2) makes removal improper. Defendants argue a defendant does not have to be served before removing a case, and the forum defendant rule does not apply because none of the Defendants who are citizens of Missouri were served before the case was removed. The Court resolves the parties' arguments below.

## II.  DISCUSSION

### A.  Remand

Plaintiff argues that a party cannot remove a case until it has been served. Alternatively, it argues the case cannot be removed because jurisdiction is based on 28 U.S.C. § 1332(a) and two Defendants are citizens of Missouri. The Court disagrees with the first argument but agrees with the second.

#### *1.  Removal Before Service*

Plaintiff relies on 28 U.S.C. § 1446 to argue a defendant cannot remove a case before he, she, or it is served. Section 1446(b)(1) provides that a notice of removal must "be filed within 30 days after the receipt . . . through service or otherwise, of a copy of" the complaint or other

2

document establishing that the case can be removed. Critically, it does not say that such service or receipt must occur before the case can be removed; § 1446(b)(1) only sets a deadline by which it must be accomplished and does not require that the 30-day "clock" have started before the case is removed.

Plaintiff also relies on the requirement that the notice of removal include "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). It reasons that this requirement cannot be satisfied if nothing has been served. However, § 1446(a) does not require that a defendant be served with the documents it lists before removal; it only requires a defendant to attach any such documents that have been served. If nothing has been served, no attachments are required, and the statute is satisfied.[2]

Finally, Plaintiff points to the decision in *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). Interpreting § 1446(b), the Supreme Court held that the 30-day deadline for removal could not begin before the defendant is served—but neither its holding nor its rationale precludes parties from removing before they are served. "Service of process . . . is fundamental to any *procedural imposition* on a named defendant. . . . In the absence of service of process *(or waiver of service by the defendant)*, a court ordinarily may not exercise power over a party . . . name[d] as defendant." *Murphy Bros.*, 526 U.S. at 350 (emphasis supplied). Just as a defendant can file an answer or otherwise respond to a complaint before being served (and, thus, before the start of the time within which a response must be filed), a defendant can remove a case before being served. And critically, every court of appeals to address the issue has reached the same conclusion. *E.g.*, *Mayes v. American Hallmark Ins. Co. of Texas*, 114 F.4th 1077, 1078-79 (9th Cir. 2024); *Novak v. Bank of New York Mellon Tr. Co., NA.*, 783 F.3d 910, 914 (1st Cir. 2015)

---

[2] To the extent that any unserved documents need to be procured and added to the Record, the Court has other means to procure them. *See* 28 U.S.C. § 1447(b).

3

(citing cases from the Second, Fifth, and Eleventh Circuits); *see also Bank of New York Mellon v. Mazza*, 743 F. App'x 504, 506 (3d Cir. 2018).

For these reasons, the Court concludes the fact that Martin was not served is not a reason to remand this case.

### *2. The Forum Defendant Rule*

28 U.S.C. § 1441(b)(2) establishes the forum defendant rule, which provides that a case cannot be removed to federal court if jurisdiction is based solely on § 1332(a) and "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." There is no suggestion that Silanskas and Wilhite—the two Defendants who are citizens of Missouri—have been fraudulently joined. *See Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810-11 (8th Cir. 2003) (stating the standard for fraudulent joinder). However, neither had been served when Martin removed the case five-and-a-half hours after it was filed, and the question is whether § 1441(b)(2) permits removal in this circumstance. The Court concludes that it does not.

This case represents an example of what courts refer to as "snap removal"—removing the case not only before the in-state defendant was served, but before it was feasibly possible for that defendant to be served. Courts around the country are split as to whether the practice is permitted, and the Eighth Circuit has not addressed the matter.[3] Defendants emphasize the statute's express terms, but many courts point out that the statute's language leads to gamesmanship and results that Congress could not have possibly intended. The undersigned agrees with those courts and

---

[3] The Eighth Circuit has stated that snap removal is "arguably" permitted under § 1441(b)(2). *Cagle v. NHC Healthcare-Maryland Heights, LLC*, 78 F.4th 1061, 1066 (8th Cir. 2023). However, the court did not express an opinion on the matter and the statement is dicta. The issue in the case was whether a case could be removed before a *diversity-destroying* defendant was served, and the Eighth Circuit held that snap removal cannot cure an absence of subject matter jurisdiction. There is no question about the Court's jurisdiction in this case.

concludes that in at least some circumstances § 1441(b)(2) does not permit snap removal. The Court further concludes this is one of those circumstances.

The forum defendant rule was first included in the removal statutes in 1887; it "exists to preserve the plaintiff's choice of a (state) forum, under circumstances where it is arguably less urgent to provide a federal forum to prevent prejudice." *Holbein v. TAW Enters., Inc.*, 983 F.3d 1049, 1055 (8th Cir. 2020) (quotation omitted). The rationale is obvious: diversity jurisdiction is intended for the benefit of out-of-state parties. Thus, when out-of-state defendants are sued in state court, they may remove the case despite the traditional rule that a plaintiff is permitted to choose the forum. However, when an out-of-state plaintiff exercises its option to sue in-state defendants in state court, the need for diversity jurisdiction is (as the Eighth Circuit explained in *Holbein*) "arguably less urgent." In such a case, the plaintiff has exercised its traditional prerogative to choose the forum and opted to file in state court instead of federal court; at that point, the presence of one or more in-state defendants makes the interests of diversity jurisdiction less important. The forum defendant rule honors the plaintiff's choice of forum (as the law usually does) and precludes the defendant(s) from removing the case.

But, as Defendants point out, the forum defendant rule refers to in-state defendants who are "properly joined and served." "Congress added the 'properly joined and served' language to the statute in 1948," and while "[t]he published legislative history apparently contains no explanation for this addition, . . . [m]ultiple courts . . . have interpreted it as an effort to prevent gamesmanship by plaintiffs." *Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014) (quotations omitted). "In the view of these courts, the purpose of the language is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom the plaintiff does not intend to proceed, and whom the plaintiff does not even serve." *Id*. (quotation

5

omitted; cleaned up); *see also*, *e.g.*, *Perez v. Forest Lab'ys, Inc.*, 902 F. Supp. 2d 1238, 1243 (E.D. Mo. 2012); *Perfect Output of Kansas City, LLC v. Ricoh Americas Corp.*, 2012 WL 2921852, at *2 (W.D. Mo. July 17, 2012). The need for such a measure arises because out-of-state defendants have little recourse in response to such gamesmanship. If the plaintiff does not intend to serve the in-state defendant (because it was joined, although not fraudulently, solely to thwart removal) the other defendants may not be able to seek dismissal of the in-state, removal-blocking defendant.

However, with the advent of electronic dockets, some defendants scour new cases regularly (perhaps even daily) and remove them to federal court before there is a reasonable opportunity for any of them (including the in-state defendant) to be served—even when the plaintiff intends to fully litigate claims against the in-state defendant. "Pre-service removal by means of monitoring the electronic docket smacks more of forum shopping by a defendant, than it does of protecting the defendant from the improper joinder of a forum defendant that plaintiff has no intention of serving." *Perez*, 902 F. Supp. 2d at 1243; *see also*, *e.g.*, *In re Abbott Lab'ys, et al., Preterm Infant Nutrition Prods. Liab. Litig.*, 2022 WL 2257182, at *3 (N.D. Ill. June 23, 2022); *Deutsche Bank Nat'l Tr. Co. v. Old Republic Title Ins. Grp., Inc.*, 532 F. Supp. 3d 1004, 1014 (D. Nev. 2021); *Delaughder v. Colonial Pipeline Co.*, 360 F. Supp. 3d 1372, 1377 (N.D. Ga. 2018).

With this background, numerous courts hold that when the facts demonstrate the removing defendant(s) have acted quickly to avoid the forum defendant rule, § 1441(b)(2) does not permit snap removal. As the Eleventh Circuit explained in one such case:

> The forum-defendant rule clearly contemplates Plaintiff's ability to defeat Defendants' purported right of removal in this case. It is undisputed that if Reynolds had been served before Fikes and Precoat removed this case, the forum-defendant rule would have barred removal. The only reason this case is in federal court is that the non-forum defendants accomplished a pre-service removal . . . . Defendants would have us tie the district court's hands in the face of such gamesmanship on the part of Defendants. Moreover, their argument, if accepted, would turn the statute's "properly joined and served" language on its head.

6

*Goodwin*, 757 F.3d at 1221. Factors to consider when deciding whether to permit snap removal include whether the forum defendant initiated the removal, the amount of time that passed between the suit's filing and the removal, and any other facts that might explain the plaintiff's failure to serve the in-state defendant before the case was removed. *E.g.*, *id*; *Grein v. Behunin*, 2024 WL 5378133, at *3 (D. Colo. Dec. 19, 2024); *Financial Credit Inv. II Tr. E v. Estate of Towers*, 2023 WL 6809612, at *2 (W.D. Mo. Oct. 16, 2023); *Hensley v. Forest Pharms., Inc.*, 21 F. Supp. 3d 1030, 1036 (E.D. Mo. 2014); *Perez*, 902 F. Supp. 2d at 1244.

The facts in this case demonstrate the gamesmanship described in these cases. Martin is not an in-state defendant, but he is represented by the same attorneys who represent Bicknell. Most importantly, the incredibly short period of time between the filing of the case and the removal (approximately 5.5 hours) reveals Defendants' motives. That period is insufficient to expect Plaintiff to have served anyone (let alone Silanskas or Wilhite) and hardly suggests it is Plaintiff who has engaged in gamesmanship.

The forum defendant rule is intended to give the *plaintiff* its traditional prerogative to choose the forum and determine whether a case that includes in-state defendants will be in federal court or state court. A plaintiff should not have to stand poised to serve the in-state defendant the moment a suit is filed to preserve its congressionally granted right to choose the forum. And with the advent of online dockets that are always accessible, a defendant can easily remove before it is physically possible to serve, making it far too easy to thwart the forum defendant rule. The Court finds that the removal in this case violates 28 U.S.C. § 1441(b)(2).

### B. Stay and Certification for Appeal

"An order remanding a case . . . is not reviewable on appeal or otherwise" if the remand is based on lack of jurisdiction or violation of the removal statutes. 28 U.S.C. § 1447(d). However,

> [w]hen a district judge, in making in a civil action an order not otherwise appealable . . . shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [s]he shall so state in writing in such order.

*Id*. § 1292(b). The Court of Appeals then has jurisdiction (and discretion) to hear the appeal. *Id*. The Court certifies this Order for appeal pursuant to § 1292(b). In doing so, the Court makes the following observations.

The issue of snap removal is one that has produced disagreement among courts. At the appellate level, three circuits have concluded the statute's plain language permits removal so long as none of the served defendants are citizens of the forum state, regardless of any other circumstances. *Texas Brine Co. v. American Arbitration Ass'n, Inc.*, 955 F.3d 482, 486-87 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705-07 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest., Inc.*, 902 F.3d 147, 152-54 (3d Cir. 2018).[4] One circuit has suggested that a district court is empowered to remand when it appears the removing defendant has engaged in gamesmanship. *Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014).[5]

District courts across the country are split, as are the district courts in this circuit; in fact, judges in the same district often reach different decisions. *See Freeman v. Hoft*, 2022 WL 1978682, at *2-3 (E.D. Mo. June 6, 2022) (citing cases in the Eastern District of Missouri adopting

---

[4] The Sixth Circuit, in a single sentence, stated that "[w]here there is complete diversity of citizenship . . . the inclusion of an *unserved* resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)." *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) (emphasis in original). However, district courts in the Sixth Circuit regard this statement as dicta and do not necessarily follow it. *E.g. Little v. Wyndham Worldwide Operations, Inc.*, 251 F. Supp. 3d 1215, 1219-20 (M.D. Tenn. 2017) (referring to the preceding quote from *McCall* and explaining "that statement—made without any further elaboration and relegated to a footnote—has repeatedly been characterized as dicta, both within and outside the Sixth Circuit, and is therefore not necessarily followed.").

[5] In *Goodwin*, the district court granted the plaintiff's dismissal of the snap-removed case without prejudice (over the defendants' objections) solely so the plaintiff could refile in state court and try to serve the in-state defendants before removal. Of course, with electronic dockets, the ability to file documents 24/7, and Martin's demonstrated willingness to remove as quickly as he can to thwart Plaintiff's choice of forum, the Court doubts such an effort could be successful here.

8

different approaches); *Tillman v. BNSF Ry. Co.*, 2021 WL 842600, at *2 (E.D. Mo. Mar. 5, 2021) (citing cases in the Eastern District of Missouri adopting different approaches); *see also Financial Credit Investment Trust II Trust E v. Estate of Towers*, 2023 WL 6809612, at *2 (W.D. Mo. Oct 16, 2023) (disallowing snap removal).[6]  District judges and litigants in this circuit would benefit from having this issue resolved.[7]

### III.  CONCLUSION

The Motion to Remand, (Doc. 27), is **GRANTED**.  The Court **CERTIFIES** this Order for appeal pursuant to 28 U.S.C. § 1292, and the remand is **STAYED.**  The stay will be lifted if Defendants do not appeal within ten days, *see* 28 U.S.C. § 1292(b) (both permitting a stay and setting deadline for appealing), and if a timely Notice of Appeal is filed the stay will remain in effect until all appeals are concluded.[8]

**IT IS SO ORDERED.**

DATE:  February 23, 2026

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT

---

[6] Many district court decisions in this district before December 2020 relied (at least in part) on the fact that at the time, the forum defendant rule was jurisdictional.  But even after the Eighth Circuit decided the forum defendant rule is not jurisdictional in *Holbein v. TAW Enters., Inc.*, 983 F.3d 1049 (8th Cir. 2020), the split amongst district judges (and the uncertainty for litigants) has continued.

[7] The Court further notes that if its ruling on the first issue is incorrect, and a defendant cannot remove the case before receiving service, the interests of the forum defendant rule could be vindicated.  If a defendant cannot remove before being served, a plaintiff desiring to keep its case in state court could simply take care to serve the in-state defendant first.

[8] If the case is remanded, all other pending motions will remain pending for resolution by the state court.